**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60683

(Summary Calendar)
_____

CHARLES NEWMAN,

Petitioner,

versus

STRACHAN SHIPPING COMPANY OF TEXAS; LOUISIANA
INSURANCE GUARANTY ASSOCIATION; DIRECTOR,
OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,

Respondents.

On Petition for Review of a Decision and
Order of the Benefits Review Board, United
States Department of Labor
(93-1307)

May 29, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Newman ("Newman") petitions for review of a decision and order of the Benefits Review Board of the United States Department of Labor ("the Board"). We affirm.

---

[*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Newman sustained an injury to his left leg and lower back on August 23, 1979, while working as a cargo checker for Strachan Shipping Company of Texas ("Strachan") aboard the vessel M/V DEXTERITY. Newman filed a claim for benefits pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, which Newman, Strachan and American Mutual Liability Insurance Company settled on January 6, 1982. The settlement agreement provided that Strachan and American Mutual "agree to pay in the future, and indefinitely, any and all additional medical expenses, including hospital, physician and medication bills, relating to the reasonable medical treatment for the job injury sustained by [Newman] on August 23, 1979."

After recovering from his injuries, Newman returned to work for Strachan as a light-duty cargo checker. He continued to receive medical treatment in the form of chiropractic therapy, paid for by American Mutual, until February 25, 1985. Two days later, on February 27, 1985, Newman again injured himself at work, sustaining injuries to his neck and lower back. The parties settled Newman's second claim for benefits under the LHWCA and the Deputy Commissioner for the Seventh Compensation District approved the settlement on April 25, 1989. The second settlement agreement discharged Strachan and Employers National Insurance Company of "all payments of medical expenses, past and future, under Section

7 of the [LHWCA] as a result of [Newman's] alleged accident and injury of February 27, 1985" in exchange for consideration in the amount of $25,000. In the instant action, Newman seeks medical benefits he alleges he was promised in the first settlement agreement.

On February 26, 1993, an administrative law judge ("ALJ") granted Respondents' motion for summary judgment on Newman's claim and denied his claim for medical benefits. On August 12, 1996, the Benefits Review Board ("the Board") affirmed the ALJ's decision. Newman petitions for review of the Board's decision and order.

II

Newman argues that the ALJ's decision, and the Board's affirmance of it, are contrary to Fifth Circuit precedent. He also argues that the ALJ erred in applying the "Aggravation Rule" rather than the "Last Employer Rule" because the "Aggravation Rule" renders inconsistent results as applied to this case.

However, as Newman forthrightly admits, he did not raise either of these arguments before the ALJ or the Board. As a general principle of appellate review, we will not consider a legal issue or theory that was not presented to the trial court. *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1144 (5th Cir. 1981), *cert. denied*, 455 U.S. 1000, 102 S. Ct. 1630, 71 L. Ed. 2d 866 (1982). Although this general principle will not bar consideration of a new issue when a pure question of law is

involved and a refusal to consider it would result in a miscarriage of justice, *id.*, we have previously stated that consideration of a new issue for the first time on appeal requires the existence of "exceptional circumstances." *City of Waco, Tex. v. Bridges*, 710 F.2d 220, 228 (5th Cir. 1983), *cert. denied*, 465 U.S. 1066, 104 S. Ct. 1414, 79 L. Ed. 2d 741 (1984). The burden of establishing exceptional circumstances rests on the party asserting the new issue. *Id.*

In this case, Newman has not carried this burden. Without further explanation, he "suggests that failure to consider the issues presented in [his] petition . . . will result in a miscarriage of justice." Moreover, he offers no reason why he did not previously present his new arguments. Under these circumstances, we will not consider Newman's new arguments. *See id.* (holding that United States did not show exceptional circumstances warranting consideration of new argument on appeal where "it offered no reason why the theory it offers [to appellate court] was not presented below"). The decision and order of the Benefits Review Board are AFFIRMED.